United States District Court
Southern District of Texas
**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YENIFER PAOLA GUERRERO SABILLON, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03662 |
| MARTIN FRINK, *et al.*, | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Yenifer Paola Guerrero Sabillon's ("Petitioner") Petition for Writ of Habeas Corpus. Doc. #1. On June 4, 2026, Respondents advised the Court that Petitioner was scheduled to "voluntarily depart from the United States to Honduras no earlier than June 10, 2026." Doc. #18. Then, on July 1, 2026, Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus (the "Motion to Dismiss") (Doc. #28), informing the Court that Petitioner had voluntarily departed from the United States on June 13, 2026. Doc. #28, Ex. 4. A habeas petition challenging only a petitioner's detention, and not the underlying removal proceedings or its collateral consequences, becomes moot once the petitioner is released from custody. *See Mena v. Barr*, No. 1:20-CV-151, 2020 WL 8093649, at *2 (S.D. Tex. Dec. 14, 2020), *report and recommendation adopted*, 2021 WL 124330 (S.D. Tex. Jan. 13, 2021) ("This District has regularly recognized that a petitioner's claim for habeas relief becomes moot upon his release from ICE custody (by removal or under supervision)"). Here, Petitioner challenges only the legality of her detention and seeks release from custody. Doc. #1. Because Petitioner has now been released, the Court can no longer grant effective relief.

Accordingly, Respondents' Motion to Dismiss (Doc. #28) is hereby GRANTED and Petitioner's request for relief under 28 U.S.C. § 2241 is DISMISSED AS MOOT. This is a final judgment. The Clerk is DIRECTED to close this case.

It is so ORDERED.

JUL 0 7 2026

Date

The Honorable Alfred H. Bennett
United States District Judge